UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robyn Burke-Dollard,<br><br>          Plaintiff,<br>v.<br><br>Jaguar Land Rover North America, LLC,<br><br>          Defendant. | Civil Action No.:  1:16-CV-249 (DNH/DJS)<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Robyn Burke-Dollard, by undersigned counsel, states as follows:

## INTRODUCTION

1. This is an action by the purchaser of a 'lemon' 2016 Land Rover LR4 for damages related to defects in the automobile and Defendant's wrongful failure to honor the terms of the warranty.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robyn Burke-Dollard ("Ms. Burke-Dollard"), is an individual residing in East Greenbush, New York.

5. Defendant Jaguar Land Rover North America, LLC (hereafter the "Manufacturer," and together with the Dealership, the "Defendants") is a business entity with a principal place of business at 555 MacArthur Boulevard, Mahwah, New Jersey 07430. The Manufacturer is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships.

## STATEMENT OF FACTS

6. On October 9, 2015, the Plaintiff visited the Land Rover Glen Cove, an authorized dealership of Jaguar Land Rover North America, LLC (hereafter "Glen Cove")and agreed to purchase a new 2016 Land Rover LR4 vehicle, Vehicle Identification Number SALAG2V65GA789090 (the "Vehicle") from Glen Cove.

7. The total price of the Vehicle was $64,122.06 including options, fees, taxes, and finance charges.

8. The legal fees in this matter are likely to equal or exceed $25,000.00.

9. At the time Plaintiff purchased the Vehicle, Glen Cove made representations as to the Vehicle's performance and quality and assured the Plaintiff that it was a new vehicle free from defects of workmanship.

10. Thereafter, continuing defects and problems have plagued the Vehicle.

11. Since the time of Vehicle delivery, the Vehicle has been suffering from a substantial nonconformity for over 57 days which the Defendant failed to correct.

12. On November 5, 2015, Tek Automotive Group LLC d/b/a Land Rover Albany an authorized dealership of Jaguar Land Rover North America, LLC (hereafter "Tek") accepted the Vehicle for repair.

13. At that time, the odometer read 1,957 miles on the Vehicle.

14. Plaintiff complained that the transmission was slipping on all grades when accelerating and found that the condition was worse when driving on a hill.

15. Additionally, Plaintiff complained that the "check engine light" was on.

16. Upon information and belief, Tek attempted a repair by replacing the Vehicle's engine and other engine components.

17. Tek informed Plaintiff that the Vehicle was ready to be picked up on December 31, 2015.

18. On or about February 1, 2016, Plaintiff noticed that the "check engine light" was illuminated again.

19. In total, the Vehicle has been suffering from a substantial nonconformity for over 57 days which the Defendants failed to correct.

20. The defects experienced by the Plaintiff continue to substantially impair the use, value and safety of the Vehicle.

21. Plaintiff provided Defendants or one or more of their authorized or franchised dealers with a reasonable opportunity to repair the problems with the defective Vehicle within the warranty period.

22. Defendants have neglected, failed, refused or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

## COUNT I
### Magnuson-Moss Federal Act, 15 U.S.C. § 2301, *et seq*.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

25. The Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) & (5).

26. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(1). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

27. 15 U.S.C. § 2304(a)(1) requires the Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to Plaintiff.

28. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed on her by the Defendant, the Defendant has failed to remedy the defects within a reasonable time, thereby, breaching the written and implied warranties applicable to the subject the Vehicle.

29. As a result of the Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, the Plaintiff has suffered damages.

## COUNT II
### New York Lemon Law - Gen. Bus. Law Section 198-a

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff is a "consumer" as defined in N.Y. Gen Bus. Law § 198-a(a)(1).

32. At all times relevant hereto the Vehicle was a "motor vehicle" for purposes of N.Y. Gen. Bus. Law § 198-a.

33. During the first two years or 18,000 miles of operation, the Vehicle has been in out of service by reason of repair for more than thirty (30) days because of substantial nonconformity with the Vehicle's engine.

34. The defects in the Plaintiffs' Vehicle substantially impair its use, value and safety to the Plaintiff.

35. Defendant has been unable to repair such defects within a reasonable period of time.

## COUNT III
## Breach of Express Warranties

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. In connection with the purchase, the Defendant expressly warranted that, among other things:

> a. The Vehicle was fit for the ordinary purposes of safe, reliable and attractive transportation;
>
> b. The Vehicle was of good, sound and merchantable quality;
>
> c. The Vehicle was free from defective parts and workmanship;
>
> d. The Vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;
>
> e. In the event the Vehicle was not free from defective parts or workmanship as set forth above, the Defendant would repair or replace same without cost to Plaintiff; and
>
> f. Any defects or non-conformities would be cured within a reasonable time.

38. The Defendant breached these express warranties in that the Vehicle is plagued by problems.

39. The Plaintiff has given the Defendant reasonable opportunities to cure said defects and make the subject Vehicle fit for its intended purpose but the Defendant has been unable and/or refused to do so within a reasonable time.

40. As a result of said nonconformities, the Plaintiff has been damaged.

## COUNT IV
## Implied Warranty of Merchantability

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendant is a merchant with respect to motor vehicles.

43. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

44. The Defendant breached the implied warranty of merchantability where the Vehicle was not in merchantable condition when sold or at any time thereafter and unfit for the ordinary purposes for which such vehicles are used.

45. The Plaintiff notified the Defendant through its authorized dealership of the defects in the Vehicle within a reasonable time after the Plaintiff discovered the breach.

46. As a result of the Defendant's breaches of the implied warranty of merchantability, the Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

47. As a result of said violation the Plaintiff has been damaged.

## COUNT V
### Breach of General Business Law § 349 – Deceptive or Unfair Sales Practice

48.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

50.     The Defendant violated N.Y. Gen. Law § 349 in one or more of the following ways:

   a. Making of fraudulent and/or negligent representations, as herein before alleged;

   b. Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

   c. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew or, in the exercise of reasonable care, should have known that this was not the case;

   d. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein; and

   e. Failing to offer a refund of the purchase price of the subject vehicle in accordance with the applicable warranties.

51.     The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

52.     The Defendant violated the law willfully and knowingly.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiff on the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;

2. Incidental damages and consequential damages;

3. Treble damages;

4. Reasonable attorneys' fees; and

5. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 1, 2016

          Respectfully submitted,

          By /s/ Sergei Lemberg

          Sergei Lemberg (SL 6331)
          LEMBERG LAW L.L.C.
          43 Danbury Road
          Wilton, CT 06897
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          Attorneys for Plaintiff